IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TEXAS TAXI, INC., *et al.* | § § | CASE NO. 21-60065 |
| Debtors[1]. | § § § | Jointly Administered Chapter 11 |

## UNOPPOSED MOTION OF JOSE RAMOS FOR LEAVE TO FILE PROOF OF CLAIM AFTER BAR DATE

### RULE 9013 NOTICE

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Jose Ramos ("Movant"), files this *Motion for Leave to File Proof of Claim After Bar Date*, and respectfully represent as follows:

---

[1] The debtors in these cases (the "Bankruptcy Cases"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: *Texas Taxi, Inc*. (#2786) ("TTI"), *Fiesta Cab Company* (32084) ( "FCC"), *Greater Austin Transportation Company* (#1038) ("GATC"), *Greater Houston Transportation Company* (#1348) ("GHTC"), and *Greater San Antonio Transportation Company* (#9823) ("GSATC").

# I.
# Jurisdiction

1. Under 28 D.SC. § 1334(a), the United States District Court has "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). In addition, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Because "arising in a case under" and "related to a case under" title 11 are considered to "operate conjunctively to define the scope of jurisdiction," it is ordinarily only necessary to determine that a matter is at least "related to" the bankruptcy. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). District courts may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The District Court, by a general order of reference, referred this case to the bankruptcy court.

2. This is a core proceeding under 11 U.S.C. § 157(b)(2)(A) and (B).

# II.
# Procedural and Factual Background

3. Movant brought suit against Debtor (*Greater Houston Transportation Company* and *Texas Taxi, Inc.*) and other defendants in the 157th District Court of Harris County, Texas, Cause No. 2018-58315 ("Harris County Action") on August 28, 2018.

4. The Debtors filed Chapter 11 Petitions on July 19, 2021.

5. Movant was not listed in any of the Debtors' Schedules as an unsecured creditor.

6. The Court set a bar date for filing claims of November 29, 2021.

7. Debtors have not filed their Plan and Disclosure Statement.

# III.
# Argument and Authorities

8. The determination of whether the late filing of a proof of claim is the result of

excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

9. Bankruptcy Rule 9006(b)(1) provides in relevant part:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. Proc. 9006(b)(1).

10. The standard for determining whether a party's reason for neglect of the bar date is excusable is a flexible standard rooted in equity. *In re Eagle Bus Mfg., Inc.,* 62 F.3d 730, 739 (5th Cir. 1995). "The 'excusable neglect' standard of Rule 9006(b)(1) should not be limited to situations in which the delay is caused by circumstances beyond the control of the party filing the proof of claim. Late filings may be accepted when caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. In determining whether the late filing of a proof of claim is the result of excusable neglect, the court should consider all of the relevant circumstances surrounding the party's omission, including: the danger of prejudice to debtor, length of delay, reason for delay, whether the delay was in the control of the party filing the late claim, possible impact of the delay on the judicial proceedings and whether the party filing the late claim acted in good faith, debtor's knowledge of claim, stage of the chapter 11 case, and whether the creditor had notice. These factors are not exclusive." *In re Ginther*, 2008 Bankr. LEXIS 1728 *8 (Bankr. S.D. Tex. June 5, 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 US 380 (1993); *In re Eagle Bus Mfg., Inc.,* 62 F3d 730 (5th Cir 1995)).

11. Movants' failure to file a proof of claim was inadvertent because he was not listed as a creditor and proceeded under the assumption that his claims against the Debtors would be

6

liquidated in the pending litigation. Even if a proof of claim had been timely filed, the parties and the Court clearly recognized that the amount of the claim and the declaration of the rights of the parties would be based on the judgment entered in the litigation, not on the claim allowance process contemplated under the Bankruptcy Code.

12. Accordingly, Movant has shown excusable neglect and should be allowed to file a proof of claim pending entry of judgment in the pending litigation, at which time the judgment will establish the existence and amount of Movant's claim.

**WHEREFORE**, Jose Ramos respectfully request that he be granted leave to file his proof of claim and for such other and further relief, at law or in equity, to which he may be justly entitled.

Dated: <u>February 9, 2022</u>

Respectfully submitted,

By: <u>*/s/Johnie Patterson*</u>

Johnie Patterson
SBN #15601700
COUNSEL FOR JOSE RAMOS

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 8, 2022 I conferred by email with Debtors' counsel, Richard Fuqua, regarding whether the Debtors were opposed to the requested relief. Mr. Fuqua responded stating that the Debtors were not opposed to the requested relief.

*/s/ Johnie Patterson*
Johnie Patterson

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion was served electronically pursuant to the Court's CM/ECF system to all parties entitled and requesting notice on February 9, 2022.

*/s/ Johnie Patterson*
Johnie Patterson