IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TEXAS TAXI, INC., et al. | § | Case No. 21-60065 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**DEBTORS' RESPONSE TO
MOTION OF CHARLES OYIBO
FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362**
[Relates to Dkt. No. 23; Case No. 21-60066]

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Greater Houston Transportation Company (*"GHTC"*), as a debtor and debtor in possession in the above-described chapter 11 cases jointly administered under Case Number 21-60065 and files this Response to the Motion of Charles Oyibo (*"Movant"*) for Relief from the Automatic Stay of 11 U.S.C. § 362 (the *"Motion"*) and in support thereof, would respectfully show this Court as follows:

### Order Directing Joint Administration of Chapter 11 Cases

On July 20, 2021, the Court entered an order directing the joint administration of Debtors' chapter 11 cases *[ECF 4]* (the *"Joint Administration Order"*). The Joint Administration Order directed all pleadings and other documents to be filed in the jointly administered cases to be filed and docketed in the case of Texas Taxi, Inc., Debtor; Case No. 21-60065.

---

[1] The debtors in these cases (the *"Bankruptcy Cases"*), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Texas Taxi, Inc. (#2786) (*"TTI"*), Fiesta Cab Company (#2084) (*"FCC"*), Greater Austin Transportation Company (#1038) (*"GATC"*), Greater Houston Transportation Company (#1348) (*"GHTC"*), and Greater San Antonio Transportation Company (#9823) (*"GSATC"*)

Although Movant filed the Motion in the GHTC chapter 11 proceeding *[ECF 23]* under Case Number 21-60066, GHTC files this response in the main case, *Texas Taxi, Inc., Debtor*; Case No. 21-60065, in accordance with the Joint Administration Order.

1. GHTC is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Motion. Therefore, for pleading purposes, those allegations are denied.

2. Paragraph 2 of the Motion contains no allegations of fact; therefore, no response is necessary. To the extent Paragraph 2 may be construed as containing any factual allegations, GHTC denies same. For further answer, Debtor responds that, upon information and belief, there is no insurance in place to provide defense or coverage in the Harris County Suit.

3. GHTC is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Motion. Therefore, for pleading purposes, those allegations are denied.

4. GHTC admits the allegations contained in the first and second sentences of Paragraph 4 of the Motion. GHTC is without sufficient information to either admit or deny the allegations contained in the third sentence of Paragraph 4 of the Motion. Therefore, for pleading purposes, those allegations are denied.

5. Paragraph 5 of the Motion contains no allegations of fact; therefore, no response is necessary. To the extent Paragraph 5 may be construed as containing any factual allegations, GHTC denies same. For further answer, Debtor responds that, upon information and belief, there is no insurance in place to provide defense or coverage in the Harris County Suit.

6.   Paragraph 6 of the Motion contains no allegations of fact; therefore, no response is necessary. To the extent Paragraph 6 may be construed as containing any factual allegations, GHTC denies same.

7.   Paragraph 7 of the Motion contains no allegations of fact; therefore, no response is necessary. To the extent Paragraph 7 may be construed as containing any factual allegations, GHTC denies same.

8.   GHTC denies the allegations contained in Paragraph 8 of the Motion.

"7."   Paragraph 7 (sic) on page 4 of the Motion contains no allegations of fact; therefore, no response is necessary. To the extent Paragraph "7" on page 4 of the Motion may be construed as containing any factual allegations, GHTC denies same.

Subject to the foregoing responses and without waiving same, GHTC further responds that it has no objection to lifting the automatic stay to allow Movant to proceed with the Harris County Suit including, but not limited to, the filing of applicable motions and seeking applicable discovery and depositions without cost to Debtors' estate other than as an unsecured creditor in the Debtors' bankruptcy proceeding, and without any obligation to Debtor to retain or maintain counsel in the potential state court litigation.

WHEREFORE, PREMISES CONSIDERED, GHTC prays that the Motion be denied, or, in the alternative, that the Motion be granted to lift the automatic stay to allow Movant proceed with the Harris County Suit including, but not limited to, the filing of applicable motions and seeking applicable discovery and depositions without cost to Debtors' estate other than as an unsecured creditor in the Debtors' bankruptcy proceeding, and without any obligation to Debtor to retain or maintain counsel in the Harris County Suit, and that GHTC be awarded such other and

further relief to which it may be justly entitled.

Dated:   March 14, 2022

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY:      /s/ Richard L. Fuqua
Richard L. Fuqua
State Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@fuqualegal.com

COUNSEL FOR DEBTORS

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Movant's counsel, in a good faith attempt to resolve the dispute which is the subject of the Motion.   The parties believe they will promptly reach agreement and submit an agreed proposed order and that a hearing will not be necessary.

/s/ Richard L. Fuqua
Richard L. Fuqua

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was forwarded by ECF, email and/or first-class United States mail, postage prepaid, on March 14, 2022, to the parties listed below and by ECF to the parties eligible to receive notice through the Court's ECF system:

Taylor Pounds
Bergquist Law Firm
1301 McKinney Street, Suite 2400
Houston, Texas 77010
Email:  tp@bergquistlawfirm.com

John S. Polzer
Duane Morris, LLP
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Email:   jspolzer@duanemorris.com

Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

/s/ *Richard L. Fuqua*
Richard L. Fuqua