**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: § | |
| § | **CHAPTER 11** |
| **Texas Taxi Inc., et al.,**[1] § | |
| § | Case No. 21-60065 |
| **Debtors.** § | |
| § | |

## MT. HAWLEY INSURANCE COMPANY'S OPPOSITION TO THE MOTION OF CHARLES OYIBO FOR RELIEF FROM THE AUTOMATIC STAY

Mt. Hawley Insurance Company ("Mt. Hawley") hereby files this opposition to the Motion of Charles Oyibo for Relief from the Automatic Stay ("Opposition").  In support of the Opposition, Mt. Hawley states as follows:

## BACKGROUND AND FACTS

1.      The Motion of Charles Oyibo for Relief from the Automatic Stay ("Motion") was filed in the case of Greater Houston Transportation Company, Case Number 21-60066.  In the Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief ("Consolidation Order"), the Court stated, "All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Texas Taxi, Inc., Debtor; Case No. 21-60065."  Consolidation Order at 3.

2.      In compliance with the Court's Consolidation Order, Mt. Hawley has filed this Opposition on the docket in the case of Texas Taxi, Inc., Debtor; Case No. 21-60065.

---

[1]      The debtors in these cases ("Bankruptcy Cases"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Texas Taxi, Inc. (#2786) ("TTI"), Fiesta Cab Company (#2084) ("FCC"), Greater Austin Transportation Company (#1038) ("GATC"), Greater Houston Transportation Company (#1348) ("GHTC"), and Greater San Antonio Transportation Company (#9823) ("GSATC") (collectively, "Debtors").

3.        Mt. Hawley entered into three insurance contracts with the Debtors.   Those insurance contracts are Policy Number SLO1000004 (attached as **Exhibit 1** to the "Ostericher Declaration" (defined below)), with a policy period from December 12, 2016, to December 12, 2018, Policy Number SLO1000011 (attached as **Exhibit 2** to the Ostericher Declaration), with a policy period from December 12, 2018, to November 12, 2020, and Policy Number SLO1000014 (attached as **Exhibit 3** to the Ostericher Declaration), with a policy period from November 12, 2020, to July 12, 2021.   *See* Doc. No. 219, Declaration of Scott Ostericher in Support of Mt. Hawley Insurance Company's Opposition to Leslie Martinez and Samantha Chavez's Motion to Lift Bankruptcy Stay to the Extent of Applicable Insurance ("Ostericher Declaration") at ¶¶ 2-5. These policies (collectively, "Insurance Policies") provide certain liability coverages including commercial general liability coverage on an occurrence basis, as well as certain business auto coverage.   For purposes of this Motion, the relevant language of each of the Insurance Policies is substantially identical.

4.        On July 19, 2021 ("Petition Date"), Debtors filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

5.        The Policies each contain an identical four-page endorsement entitled, "Self-Insured Retention Endorsement – Loss Adjustment Company Option" ("SIR Endorsement"). Ostericher Declaration, **Exhibit 1**, at MSI 347 (11/16); Ostericher Declaration, **Exhibit 2**, at MSI 347 (11/16); Ostericher Declaration, **Exhibit 3**, at MSI 347 (11/16).

6.        Pursuant to the SIR Endorsement, Mt. Hawley has no obligation to defend, investigate, or pay for any "claim expenses" at any time.   *See* Ostericher Declaration**, Exhibit 1, 2**, and **3,** at SIR Endorsement at **V**.  Moreover, Mt. Hawley has no obligation to pay any "damages" under the Policies until after the Debtors have paid both (i) a Self-Insured Retention in the amount

of $500,000 per occurrence; and (ii) an additional Corridor Self-Insured Retention in the amount of $500,000 per occurrence and $1,000,000 in the aggregate. *See Id.* at **I-II**. THE SIR Endorsement further specifies: "The 'Named Insured's' refusal to pay, bankruptcy, insolvency, or inability to pay the Retention Amounts shall not increase our obligations under this policy." *See Id.* at **VI.**

7.      The SIR Endorsement expressly states that Mt. Hawley has no duty to defend, investigate, or pay any "claim expenses" under the Policies at any time. *Id.* at **V**. The Debtors are expressly required to pay "claim expenses," including defense costs, in addition to the amount of the self-insured retention.  *Id.* at **V**, **XIV.b**.

8.      On February 16, 2022, Charles Oyibo ("Claimant") filed the Motion in the case of Greater Houston Transportation Company, Case Number 21-60066, Doc. No. 23.  The Motion is unsupported by any evidence, nor has Claimant filed a proof of claim.

9.      Mt. Hawley filed a Complaint in this Court seeking a declaration as to its rights and duties under the Insurance Policies, and a determination that the Debtors' breach of the terms of the SIR Endorsement (and other provisions of the Insurance Policies) excuses Mt. Hawley from any further performance under the Insurance Policies ("Adversary Proceeding").  *See Mt. Hawley Insurance Company v. Texas Taxi, Inc., et al.* Case No. 21-06014.

## **RELIEF REQUESTED**

10.      By this Opposition, Mt. Hawley requests that the Court deny the Motion because the movant has failed to show any cause to grant the Motion.

11.      Section 362(d) of the Bankruptcy Code allows for a lifting or modification of the automatic stay when certain circumstances are present.  In pertinent part, Section 362(d) provides as follows: "(d) On request of a party in interest and after notice and a hearing, the court shall

grant relief from the stay provided under subsection(a) of this section […] (1) for cause, including

the lack of adequate protection of an interest in property of such party in interest; […]"  11 U.S.C.

§ 362(d)(1).  The requisite "cause" does not exist to lift the stay pursuant to § 362(d)(1).

12.       Because the Bankruptcy Code does not define the term "cause" for purposes of

determining the circumstances under which it is appropriate to lift the automatic stay, courts have

reasoned that whether to lift the automatic stay is within the discretion of the bankruptcy judge

and requires a case-by-case determination.  *In re Reitnauer,* 152 F.3d 341, 343 n.4 (5th Cir.

1998); *see also In re Albert Morris 54 The Oval Sugar Land, TX 77479*, 2015 WL 12551487, at

*9 (S.D. Tex. Sept. 2, 2015)*; In re Laguna Assocs. Ltd. P'ship,* 30 F.3d 734 (6th Cir. 1994); *In re

Robbins,* 964 F.2d 342 (4th Cir. 1992); *IBM v. Fernstrom Storage & Van Co. (In re Fernstrom

Storage & Van Co.),* 938 F. 2d 731, 735 (7th Cir. 1991) (citations omitted); *In re Tucson Estates,

Inc.,* 912 F.2d 1162 (9th Cir. 1990); *McDonald v. McDonald (In re McDonald),* 755 F.2d 715, 717

(9th Cir. 1985).

13.       However, at minimum, it is the movant's burden to submit evidence to support the

asserted cause.  A stay relief motion unsupported by evidence necessarily must fail.  The Motion

does not merit approval because Claimant has not provided any evidence of cause.

> a party moving to lift the stay under § 362(d)(1) must initially produce evidence
> establishing "cause" for the relief sought.  Once the moving party establishes a
> *prima facie* case for "cause," the burden shifts to the party opposed to the relief to
> disprove its existence.  *In re Omni Lion's Run, L.P.*, 578 B.R. 394, 397-98 (Bankr.
> W.D. Tex. 2017).  *If the moving party fails to make an initial showing of "cause,"
> however, the court should deny the relief* without requiring any showing from the
> party opposed to the relief.  *In re Keene Corp.*, 171 B.R. 180, 182 (Bankr. S.D.N.Y.
> 1994).

*In re McConathy*, No. 90-13449, 2021 Bankr. LEXIS 1569, at *13 (Bankr. W.D. La. June 11,

2021) (emphasis added).

14.     Claimant filed the Motion to seek recovery from the Debtors' insurers.  *See* Motion, Doc. 23 at 2 ("Specifically, Movant respectfully requests this Court to lift the automatic stay for the purpose of collecting any judgment or settlement from available insurance proceeds that are not part of the bankruptcy estate.").  However, no proceeds can be obtained from the Insurance Policies absent the Debtors' performance of their obligations under the Insurance Policies, including the SIR Endorsement.  Where an insured has failed to satisfy its duties under a self-insured retention, the insurer has no duty to perform.  *See, e.g., Pak-Mor Mfg. Co. v. Royal Surplus Lines Ins. Co.*, 2005 WL 3487723, at *6-7 (W.D. Tex. Nov. 3, 2005).  Given that the Debtors have repeatedly stated they would not perform their duties under the SIR Endorsement, there will never be any insurance proceeds from the Insurance Policies.

15.     Further, even if the Debtors' failure to perform were not sufficient reason for Mt. Hawley to deny the payment of any insurance proceeds, Claimant has failed to show that there is any chance of insurance proceeds being available to pay the Claimant.  Claimant has failed to provide any evidence that the asserted injury merits damages in excess of that allowed under the SIR Endorsement.  The SIR Endorsement requires that the Debtors pay the first $500,000 per occurrence (as well as the Corridor Self-Insured Retention amount of an additional $500,000).

16.     Because there is no evidence that Movant has an injury sufficient to generate insurance proceeds from the Insurance Policies and the Motion does not provide any evidence or allege the existence of other policies that might respond to the claims, Claimant cannot establish the requisite "cause" to obtain relief from the automatic stay.

17.     Therefore, the Motion should be denied.

## CONCLUSION

18.      Based on the foregoing, Mt. Hawley requests that the Court deny the Motion.


Dated:  March 15, 2022

DUANE MORRIS LLP


By: /s/ *Jeff D. Kahane*

Russell W. Roten, Esq. (*pro hac vice*)
Jeff D. Kahane, Esq. (*pro hac vice*)
Andrew E. Mina, Esq. (*pro hac vice*)
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Fax: (213) 402-7079

*Attorneys for Mt. Hawley Insurance Company*