#### IN THE UNITED STATES BANKRUPTCY COURTFOR THE SOUTHERN DISTRICT OF TEXAS VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § | CASE NO.: 21-60065 |
| TEXAS TAXI, INC., et al. | | |
| Debtor | | CHAPTER 11 |
| | | Jointly Administered |

### PAUL RAMOS' UNOPPOSED MOTION TO LIFT BANKRUPTCY STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Paul Ramos, and moves this Court for an order lifting the automatic stay and in support thereof would respectfully show the Court the following:

#### I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C.§362.  This a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

#### II. FACTUAL BACKGROUND

2. Movant Paul Ramos is an individual residing in Harris County, Texas.

3. Greater Houston Transportation Company ("Debtor") is a corporation doing business in Texas.

4. Paul Ramos is the Plaintiff in a personal injury lawsuit filed in Harris County, Texas styled Cause No. 2018-83550; Emmanuel Olatunbosun, et. al. v. Oluwadamola Adedini and Greater Houston Transportation Company d/b/a Yellow Cab, In the 269th Judicial District Court of Harris County. This cause was originally filed on November 20, 2018. Paul Ramos intervened on October 9, 2019.

5. This lawsuit arises out of a motor vehicle collision which occurred on October 20, 2017, which resulted in injuries to Paul Ramos.

6. One of the Defendants in Paul Ramos' personal injury lawsuit is the debtor herein, GreaterHouston Transportation Company d/b/a Yellow Cab, who owned the vehicle driven by another named defendant in the personal injury lawsuit filed in Harris County.

7. On July 19, 2021, Debtor Greater Houston Transportation Company filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.

8. On July 20, 2021, Greater Houston Transportation Company filed its Suggestion of Bankruptcy and Automatic Stay. Movant is seeking a motion to lift stay.

9. Movant believes Greater Houston Transportation Company's commercial general liability policy provides, in whole or in part, for the claims Paul Ramos asserts against Greater Houston Transportation Company in the State Court Litigation.

10. Section 321(a)(1) of the Bankruptcy Code empowers this Court to modify the automatic stay for "cause." While the Bankruptcy Code does not expressly define "cause," the "legislative history does provide that 'a desire to permit an action to proceed to completion in another tribunal may provide…cause.'"[1] And courts routinely lift automatic stays where only the debtor's insurance proceeds is at stake because "the stay is typically intended to protect the debtor, not the debtor's insurance company'"[2]

---

[1] *Mooney v. Gill*, 310 B.R. 543, 546 (Bankr. N.D. Tex. 2002).
[2] *See, e.g., Foust v. Munson S.S. Lines*, 299 U.S. 77, 87-88 (1936) (holding that the bankruptcy injunction "ought not stand" but be lifted to allow a tort action to go forward because the claimant was only seeking recovery under the debtor's insurance policy); *In re First Cincinnati*, 286 B.R. 49, 51 (Bankr. Ohio 2002) ("motions to lift the stay are routinely granted where the movant is seeking only a determination of liability against a debtor so that it may collect against a debtor's insurance company. This is so because the stay is typically intended to protect the debtor, not the debtor's insurance company."); *In re Robertson*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000) ("Given the fact that [the debtor] was insured at the time of the accident, resulting in the [debtor's insurance company] bearing the litigation costs in the civil lawsuit, the Court concludes that neither the bankruptcy estate nor the Debtors will suffer…by permitting Movant to prosecute his tort action."); *Matter of Holtkamp*, 669 F.2d 505, 508-09 (7th Cir.1982) ("Allowing the civil action to go forward did not jeopardize [the debtor's] bankrupt estate because his insurance company assumed full financial responsibility for defending that litigation.").

### III. RELIEF REQUESTED

11. By this motion, Paul Ramos, requests that the Court lift the automatic stay to allow Movant to proceed with the State Court Litigation with the restriction that any recovery be limited to the policy limits of the insurance policy and any additional amounts Greater Houston Transportation Company and Oluwadamola Adedini may be required to pay pursuant to the Texas *Stowers* doctrine.

### IV. PRAYER

WHEREFORE, Movant Paul Ramos, respectfully requests that the Court grant this Unopposed Motion to Lift Stay, issue an orderlifting the automatic stay under Bankruptcy Code § 362(a) and Bankruptcy Rule 4001(a)(3) to permit Paul Ramos, to proceed with the State Court Litigation, and grant such other and further relief to which Movant may be justly entitled.

Respectfully submitted,

**HERBERT LAW FIRM, PLLC**

*/s/ Kyle C. Herbert*
Kyle C. Herbert
Texas State Bar No.: 24043724
Rachel E. Berkley
Texas State Bar No. 24082684
Andrew C. Smith
Texas State Bar No. 24063859
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
Phone: (713) 987-7100
Fax:    (713) 987-7120
kyle@herberttrial.com
rachel@herberttrial.com
andrew@herberttrial.com

**ATTORNEYS FOR MOVANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 1, 2022, I conferred with the attorney of record for Greater Houston Transportation Company, regarding his position with respect to lifting the automatic stay to permit Movant to proceed against the Greater Houston Transportation Company's insurance policy and any additional amounts they may be required to pay pursuant to the Texas *Stowers* doctrine. Debtor's counsel is unopposed to the relief sought in this Motion.

/s/ Kyle C. Herbert
Kyle C. Herbert

## CERTIFICATE OF SERVICE

I certify that on April 1, 2022 a true and correct copy of the foregoing document was delivered to the defendants in a manner prescribed by the Texas Rules of Civil Procedure, i.e. regular mail and certified mail to all interested parties below:

Martyn B. Hill
Katya Nikitina
Philip D. Racusion
PAGEL, DAVIS & HILL, P.C.
1415 Louisiana, 22nd Floor
Houston, TX 77002

Richard L. Fuqua
Fuqua & Associates
8558 Katy Freeway, PC
Houston, Texas 77024

John Polzer
Duane Morris, LLP
100 Crescent Court, Suite 1200
Dallas, Texas 75201

James L. Gascoyne
GASCOYNE & BULLION, PC
77 Sugar Creek Center Blvd., Suite 280
Sugarland, TX 77478

/s/ Kyle C. Herbert
Kyle C. Herbert